Homer Ransbarger v. Dr. James McClung

(CC No. 453)

Submitted April 19, 1932.   Decided April 26, 1932.

*Wolverton & Ayers,* and *Dillon, Mahan & Holt,* for plaintiff.

*A. N. Breckenridge, J. Howard Hundley,* and *Wm. G. Brown,* for defendant.

Woods, Judge:

This certificate involves the sufficiency of an amended declaration, composed of the common, and five special counts. A demurrer to the pleading and each count thereof was overruled.

Plaintiff bases his right to recover in this action on the following writing:

"Richwood, West Virginia, December 1, 1920.
This agreement is to show that Homer Ransbarger of Levisay, West Virginia, is to have an equity of $15,000.00 in the coal, oil, gas, and other minerals optioned from the Nicholas Lumber Company in the name of J. B. Harris and transferred by him to me, in consideration for the work done by the said Homer Ransbarger in securing the options, having the same transferred, recorded, etc.   (Signed) Jas. McClung."

The second count charges, among other things, that the defendant agreed to purchase the property optioned and to pay the plaintiff the sum of $15,000.00 for his services; the third, that defendant agreed to purchase said real estate, and to give plaintiff an equity of $15,000.00, the understanding being that the defendant would immediately transfer the property to other parties at a profit, and that the plaintiff would receive the sum of $15,000.00 in cash out of the purchase price; the fourth, that defendant agreed to pay plaintiff the sum of $15,000.00 upon completion of the services set out in the contract; the fifth, that the plaintiff was to have an equity of $15,000.00 in the coal, oil and gas and other minerals, and that in default of purchase by defendant and the conveyance and transfer or delivery of said equity, that defendant became and was obligated and bound to pay plaintiff the sum of $15,000.00 in cash, the amount agreed upon in payment of and satisfaction for services performed and work and labor done and furnished by plaintiff at defendant's special instance and request; and, the sixth, after setting the instrument out in *haec verba,* declares that the defendant was to transfer, convey or deliver an equity of $15,-000.00 in and to the lands embraced in the options, and that by reason of his refusal so to do, plaintiff has been damaged to the extent of $25,000.00. It is patent that each count is drawn on the theory that the plaintiff, by reason of his services in securing, transferring and recording said options, securing extension of time, serving McClung's acceptance on the original optioners and recording same, is entitled to $15,000.00 in money, whether defendant availed himself of the option or not. It will be observed that such interpretation ignores the provision in the writing that plaintiff was to have "an equity of $15,000.00 in the coal, oil, gas and other minerals optioned." The quotation plainly implies that the plaintiff was to receive something out of the property optioned for his services. This could not be obtained in a suit at law. We are unable to concur in the interpretation sought by plaintiff in his declaration. It seems apparent that the "equity" is contingent upon the purchase of the property, or the profit to be derived therefrom. The term "equity" would ordinar-

ily refer to the latter. But that was contingent upon Mc-Clung's purchase. Hence the demurrer to the special counts must be sustained. The service rendered was, according to that declaration, completed on May 24, 1921, and the action instituted December 18, 1930. Our position in regard to the declaration renders the rulings relative to the filing of the special pleas based on statute of limitations moot.

We therefore reverse the action of the trial court in overruling the demurrer as to the special counts, and direct that the demurrer be sustained as to them, and so certify.

*Reversed; demurrer sustained as to the special counts.*